[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13888

Non-Argument Calendar

_____

WILLIAM TED HOLLIDAY,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
DAVID MORGAN,
Chief Jailer Escambia County Sheriff's Dept.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:19-cv-04945-RV-EMT

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

William Holliday, proceeding pro se, appeals from the district court's dismissal of his civil rights complaint as malicious and abusive of the judicial process and for failure to state a claim on which relief could be granted. Holliday's complaint was dismissed pursuant to the screening procedures for plaintiffs proceeding in forma pauperis (IFP) set out in 28 U.S.C. § 1915(e)(2). On appeal, Holliday has entirely abandoned any challenge to one of the district court's two independent grounds for dismissal—*i.e.*, his failure to state a viable claim to relief. Accordingly, we affirm the dismissal of Holliday's complaint.

I.

In December 2019, Holliday—who had previously been incarcerated in numerous jails and prisons in Florida—filed a pro se civil rights complaint under 42 U.S.C. § 1983 against the Secretary of the Florida Department of Corrections and other state and county officials. Holliday moved for leave to proceed IFP, and that motion was granted. In his operative (third amended)

complaint, Holliday asserted claims arising under the First, Fifth, Eighth, and Fourteenth Amendments relating to alleged misconduct by various jail and prison officials between 2004 and 2017.

The magistrate judge screened Holliday's complaint pursuant to the screening procedures for IFP actions set out in 28 U.S.C. § 1915(e)(2).[1]  In her report and recommendation, the magistrate judge recommended that the district court dismiss the complaint on two separate grounds: (1) as malicious and abusive of the judicial process, and (2) for failure to state a claim on which

---

[1] 28 U.S.C. § 1915(e)(2) provides that:

> [(e)](2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [an IFP] case at any time if the court determines that—
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal—
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Section 1915(e)(2)'s screening procedures apply to IFP proceedings brought by prisoners and non-prisoners alike.  *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (noting that § 1915(e)(2) "directs the district court to dismiss the complaint of any plaintiff proceeding *in forma pauperis* if the court determines that the complaint fails to state a claim on which relief may be granted" (quotation omitted)).

relief could be granted.[2] In her failure-to-state-a-claim analysis, the magistrate judge noted that all but two of Holliday's claims related to events that allegedly took place between 2004 and 2013. Because Holliday did not file his original complaint until late 2019, the magistrate judge found those claims to be time-barred under the four-year applicable statute of limitations.

Holliday's two remaining claims related to an alleged assault of Holliday by another inmate in February 2017. With respect to this incident, Holliday asserted a claim against the misbehaving inmate in his personal capacity and a supervisory liability claim against the Secretary of the Florida Department of Corrections. The magistrate judge found that the claim against the inmate lacked merit because the inmate clearly was not acting under color of state law. Likewise, it concluded that the supervisory claim against the secretary lacked merit because state sovereign immunity barred the claim and, moreover, because Holliday pleaded no specific facts indicating the secretary's supervisory liability for the inmate assault incident.

Holliday objected to the magistrate judge's report and recommendation. The district court overruled the objections,

---

[2] The magistrate judge recommended dismissal on the first ground—malicious and abusive of the judicial process—due to Holliday's repeated failure to fix substantive and procedural defects in his complaints, such as the pleading of many factually unrelated claims against unrelated defendants and the inclusion of voluminous exhibits, despite repeated instruction from the district court.

adopted the report and recommendation, and dismissed Holliday's complaint.  Holliday timely appealed.

## II.

Section 1915(e)(2) directs district courts to dismiss complaints in IFP actions sua sponte "at any time if the court determines that," among other things," the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  The sua sponte dismissal of an IFP complaint for failure to state a claim under § 1915(e)(2) is governed by the same standard as the one set out in Federal Rule of Civil Procedure 12(b)(6).  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001).  We review a district court's dismissal of an IFP complaint as frivolous or malicious under § 1915(e)(2) for abuse of discretion, and we review the dismissal of an IFP complaint for failure to state a claim under § 1915(e)(2) de novo.  *See Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001).  We liberally construe the filings of pro se parties.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Still, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Id.*

As noted, the district court dismissed Holliday's complaint on two independent grounds: (1) as malicious and abusive of the judicial process, and (2) for failure to state a claim on which relief could be granted.  We need not evaluate whether the district court's rulings on either or both of those grounds were correct (although it certainly appears they were).  Holliday's appeal fails for a simpler reason: in his brief to this Court, he has entirely failed

to raise any challenge to the district court's determination that his complaint failed to state a claim on which relief could be granted. Affirmance is warranted for that reason alone. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

In her thorough failure-to-state-a-claim analysis, the magistrate judge found that almost all of Holliday's claims were time-barred, and that the remaining two claims—relating to a February 2017 inmate assault incident—lacked substantive merit. On appeal, Holliday asserts no challenge whatsoever to any of those determinations. Holliday's brief to this Court consists of an extensive factual recitation peppered by assorted legal citations and conclusory claims. Holliday nowhere addresses the magistrate judge's determinations that almost all of his claims were time-barred. Nor does he raise any dispute as to the magistrate judge's treatment of the remaining two claims that were not time-barred but that lacked substantive merit. Because Holliday has abandoned any challenge to the district court's dismissal of his complaint for failure to state a claim, affirmance is warranted without further consideration. *See Sapuppo*, 739 F.3d at 680.

AFFIRMED.